UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AKS TRADE COMPANY, LLC, | No. 2:22-cv-00757-TLN-KJN |
| Plaintiff, | |
| v. | **ORDER** |
| AMERICAP DIRECT CORPORATION, DAVID AULT, and MODEL FINANCIAL SERVICES, LLC, | |
| Defendants. | |

This matter is before the Court on Defendants Americap Direct Corporation ("Americap"), David Ault ("Ault"), and Model Financial Services, LLC's ("Model") (collectively, "Defendants") Motion for Attorney's Fees. (ECF No. 46.) Plaintiff AKS Trade Company, LLC ("Plaintiff") filed an opposition (ECF No. 47), and Defendants filed a reply (ECF No. 49). For the reasons set forth below, Defendants' motion is DENIED.

This case relates to a contract dispute regarding Plaintiff's intended purchase of a large quantity of gold. (ECF No. 9 at ¶¶ 1, 10, 11.) To effectuate their purchase of gold, Plaintiff entered into a series of agreements including two credit agreements with Americap, in which Americap agreed to extend Plaintiff documentary letters of credit in exchange for cash deposits, and one escrow agreement, which empowered an agent to hold Plaintiff's deposits in escrow until Plaintiff accepted the documentary letters of credit. (ECF Nos. 42 at 2–3; 46-2.)

1

After allegedly relying on Ault's advice, Plaintiff wired $325,000 to Americap, but Americap failed to secure Plaintiff's documentary letters of credit or refund Plaintiff's money. (ECF No. 9 at ¶¶ 14–15.) As a result, Plaintiff filed a Complaint against Defendants on November 15, 2021, in the Southern District of New York, alleging breach of contract against Americap (*id.* at ¶¶ 25–28), fraud against Ault and his company, Model Financial Services LLC (*id.* at ¶¶ 29–33), and unjust enrichment against all Defendants (*id.* at ¶¶ 34–35). On March 9, 2022, Plaintiff filed a Motion to Compel Arbitration. (ECF No. 26.) On March 16, 2022, Defendants filed a response, agreeing that arbitration is proper but arguing venue was improper in the Southern District of New York. (ECF No. 34.) Specifically, Defendants argued the Court should either dismiss the case or transfer it to the Eastern District of California because of the mandatory jurisdiction clause in the escrow agreement. (*Id.*) On April 21, 2022, the district court denied Plaintiff's Motion to Compel Arbitration in the Southern District of New York and granted Defendants' request to transfer the case to this district. (ECF No. 42 at 14.) Defendant filed the instant Motion for Attorney's Fees on May 26, 2022. (ECF No. 46.)

Under the American rule for attorney's fees, each party to a lawsuit must pay its own attorney's fees unless otherwise provided by statute or agreement. *Trope v. Katz*, 11 Cal. 4th 274, 278–79 (1995); *see also* Cal. Civ. Proc. Code § 1021. California Civil Code § 1717 ("§ 1717") provides that where the parties have contractually obligated themselves to pay attorney's fees, the "prevailing party" shall be awarded attorney's fees. Cal. Civ. Code § 1717(a). In deciding whether there is a prevailing party, "the trial court is to compare the relief awarded on the contract claim or claims with the parties' demands on those same claims and their litigation objectives as disclosed by the pleadings, trial briefs, opening statements, and similar sources." *Hsu v. Abbara*, 9 Cal. 4th 863, 876 (1995). "The prevailing party determination is to be made only upon final resolution of the contract claims and only by a comparison of the extent to which each party has succeeded and failed to succeed in its contentions." *Id.* (citation and internal quotations omitted). A court, in its discretion, is also free to determine "that there is no party prevailing on the contract." Cal. Civ. Code § 1717(b)(1).

///

Despite there being no determination on the merits of the breach of contract and related claims, Defendants argue they are entitled to "attorney['s] fees under a provision of the escrow agreement" and § 1717 because Defendants are the prevailing party in the instant action. (ECF No. 46 at 3.) Defendants argue they are the "prevailing party" pursuant to § 1717 because their position regarding jurisdiction and venue was accepted by the court in the Southern District of New York. In opposition, Plaintiff argues Defendants' request for attorney's fees and costs should be denied because the request is premature as the parties have not undergone arbitration and therefore there is no resolution on the merits and consequently no prevailing party. (ECF No. 47 at 1–2.)

In general, there must be a prevailing party in order to award attorney's fees. *See* Cal. Civ. Code § 1717(b)(1). In many cases, an order on a petition to compel arbitration is not sufficient to establish a prevailing party since there is often an ongoing, underlying case. *See DisputeSuite.com, LLC v. Scoreinc.com*, 2 Cal. 5th 968, 976–81, (2017) (upholding denial of the defendant's motion for attorney's fees because the plaintiff's dismissal was not dispositive of the underlying contractual dispute where the same dispute was being litigated in another forum); *Amtax Holdings 463, LLC v. KDF Communities-Hallmark, LLC*, No. 8:17-cv-01899-JLS-AS, 2018 WL 4740330, at *2 (C.D. Cal. Mar. 7, 2018) ("a trial court's order compelling a dispute to arbitration does not 'determine[ ] the parties' substantive rights,' and therefore, 'no party has yet prevailed within the meaning of [§] 1717'"); *see also Allied Professionals Ins. Co. v. Harmon*, No. 8:16-cv-1864-JLS-KESx, 2017 WL 5634870, at *2 (C.D. Cal. Nov. 20, 2017) (fees motion was premature where there had not been "final resolution of the contract claims" pending in arbitration).

There is, however, a narrow exception to this general rule. There can be a "prevailing party" resulting from a petition to compel arbitration if the petition is a discrete proceeding. *Roberts v. Packard, Packard & Johnson*, 217 Cal. App. 4th 822, 834 (2013) (citing *Philips v. Sprint PCS*, 209 Cal. App. 4th 758, 772 (2012)). The key distinction is whether the case involves a motion to compel arbitration filed *within* an existing lawsuit or a petition to compel arbitration that *commences* an independent lawsuit. *Id.* If the motion to compel arbitration is filed *within* an

3

existing lawsuit, the motion is *not* a discrete proceeding and there is no prevailing party resulting from the disposition of the motion.  *Id.*  If the motion to compel arbitration is filed and there is no pending lawsuit, then it is a discrete proceeding where the prevailing party could appropriately request attorney's fees.  *Id.*  In other words, "when a party defeats an independent petition to compel arbitration, the action is terminated and the prevailing party on the petition is entitled to fees under Civil Code [§] 1717."  *Roberts*, 217 Cal. App. 4th at 840 (citing *Frog Creek Partners, LLC v. Vance Brown, Inc.*, 206 Cal. App. 4th 515, 533 (2012)).

Defendants cite two cases where California appellate courts have found that a party who prevailed on a motion to compel arbitration filed in a pending lawsuit could recover attorney's fees.  (ECF No. 49 at 2 (citing *Acosta v. Kerrigan*, 150 Cal. App. 4th 1124 (2007); *Benjamin, Weill & Mazer v. Kors*, 195 Cal. App. 4th 40 (2011)).)  Defendants argue that the instant case falls under this exception, as discussed in *Acosta* and *Kors*, which allows a defendant to recover attorney's fees before the underlying action concludes.  *Acosta*, 150 Cal. App. 4th 1124; *Kors*, 195 Cal. App. 4th 40.  Both cases, however, are distinguishable from the instant case.  As an initial matter, *Acosta* was not based on § 1717.  Further, the court's decision in *Acosta* was based on a uniquely phrased attorney's fee provision which "allowed the recovery of fees from the party who 'institute[d] any . . . action . . . by any method other than . . . arbitration.'"  *Anderson Plant, LLC v. Batzer Const., Inc.*, No. 2:13-CV-02109-KJM, 2014 WL 2093479, at *3 (E.D. Cal. May 19, 2014) (citing *Acosta* 150 Cal. App. 4th at 1126).  The contract here does not contain a similar provision.  (*See* ECF No. 46-2 at 22.)  Therefore, *Acosta* is inapplicable to the instant case.

In the second case, *Kors*, "the court held that a party who prevails on a petition to compel arbitration filed in a pending lawsuit is entitled to attorney's fees."  *Anderson Plant, LLC*, No. 2:13-CV-02109-KJM, 2014 WL 2093479, at *3.  However, two subsequent courts have declined to follow this case.  The court in *Roberts v. Packard, Packard & Johnson* disagreed with *Kors* because it did not adequately consider the purpose of § 1717, which is to award attorney's fees to the prevailing party who recovers greater relief in the action on the contract, determined only upon final resolution of the contract claims.  *Roberts*, 217 Cal. App. 4th at 841 (citation and internal quotations omitted).  The court also noted *Kors* did not recognize that filing a petition to

compel arbitration in a pending lawsuit is not a "discrete proceeding." *Id.* This Court agrees with the reasoning in *Roberts* and declines to follow *Kors*.

Here, the action arises from an ongoing, underlying case that the parties intend to arbitrate. (ECF Nos. 47 at 4; ECF No. 42 at 1.) The motion to compel arbitration was filed after the complaint within the pending lawsuit, not in a discrete proceeding. (*See* ECF Nos. 1, 46.) Because there has been no adjudication on the merits of the case, there is no prevailing party and the narrow exception against attorney's fees after adjudication of a motion to compel arbitration does not apply. (*See* ECF No. 47 at 4). The Court therefore concludes Defendants' motion is premature.

Accordingly, IT IS HEREBY ORDERED that Defendants' Motion for Attorney's Fees (ECF No. 46) is DENIED without prejudice.[1]

The parties are FURTHER ORDERED to show cause as to why this case should not be dismissed in light of the parties' undisputed arbitration agreement. (*See* ECF No. 42 at 1.) The parties shall submit their response(s) no later than fourteen (14) days after the filing date of this Order. If the parties do not to file a response, the Court will dismiss the action and close the case.

IT IS SO ORDERED.

**Date:  March 30, 2023**

                         Troy L. Nunley
                         United States District Judge

---

[1] Any future issues regarding attorney's fees can be addressed through the arbitration process. However, the Court recognizes in certain instances a court that adjudicated a motion to compel arbitration may also decide the issue of attorney's fees since the two proceedings may be closely related. *Acosta*, 150 Cal. App. 4th at 1131.